JACOBS, Appellant, vs. HERSHEY LUMBER COMPANY, Respondent.

*January 11—January 31, 1905.*

*Logs and logging: Overflow of lands: Liability.*

In an action for damage to hay on plaintiff's meadow lands along a river, alleged to have resulted from defendant's piling logs on the ice in such quantities that they broke through and formed a dam, causing the river to overflow the meadows, the evidence showed that defendant had contracted to buy the logs, which were to be delivered in the river afloat in time for the spring drive, and had contracted with other persons to drive the logs, but that at no time was defendant in control of the logs or responsible for the manner in which they were handled. *Held,* that a verdict for defendant was properly directed.

APPEAL from a judgment of the circuit court for Burnett county: A. J. VINJE, Circuit Judge. *Affirmed.*

The plaintiff owns two forty-acre tracts of meadow land in Burnett county, bordering on the Clam river, a logging stream tributary to the St. Croix river. Defendant is a Minnesota corporation manufacturing lumber at Stillwater, Minnesota. The plaintiff alleges that in the winter of 1900–01 the defendant cut and piled logs on the ice in Clam river opposite his meadow in such quantities that they broke through the ice and formed a dam, which remained in the river until about June 1, 1901, causing the river to overflow his meadow and ruining the hay thereon, and also leaving a large number of logs stranded thereon, to his damage in the sum of $300. The defendant denies that it placed or caused to be placed any logs on the river, and denies that the plaintiff suffered any damage. The action was tried before a jury, and at the close of the evidence a verdict for the defendant was directed, and judgment rendered thereon, from which the plaintiff appeals.

*A. L. Bugbee,* for the appellant.

For the respondent there was a brief by *Mead & Hoar,* and oral argument by *L. H. Mead.*

WINSLOW, J. A number of errors in the rulings upon evidence are alleged, but as they cannot in any way affect the question which we deem decisive of the case they will not be considered.

While the evidence of the plaintiff tended to show that large quantities of logs bearing the defendant's marks were piled on the ice in the Clam river during the winter of 1900 and 1901, causing a jam, as a result of which the plaintiff's meadow was overflowed and damaged, the evidence also showed, without material dispute, that the defendant was at no time in control of the logs or responsible for the manner in which they were handled. The defendant was not doing

any logging upon Clam river. Olson & Sund were logging upon the river, and the defendant agreed with them to buy all the logs which they might cut or purchase during the winter in question, and that the logs so purchased were to be marked with the defendant's mark and delivered in Clam river afloat in time for the spring drive. The defendant also contracted with the firm of Stinson & Gore to drive the logs to Stillwater or to Nevers's dam. One Chase was employed jointly by defendant and Olson & Sund to scale the logs, and was also employed by the defendant to see that the logs were driven clean and report all logs left in the river after the drive, but he had no control over the operations of Olson & Sund or of Stinson & Gore.

The mere statement of these facts shows that the defendant was not responsible for any negligence of Sund & Olson in landing the logs on the ice, or of Stinson & Gore in driving them, and justifies the direction of a verdict for the defendant.

*By the Court.*—Judgment affirmed.